**VULCAN–HART CORPORATION (ST. LOUIS DIVISION), Appellant,**

v.

**STOVE, FURNACE & ALLIED APPLIANCE WORKERS INTERNATIONAL UNION LOCAL NO. 110, AFL–CIO, Appellee.**

No. 81–1636.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1982.

Decided March 5, 1982.

---

**20.** The record consists of discovery completed prior to the granting of summary judgment.

Stove, Furnace & Allied Appliance Workers International Union, Local No. 110 (the Union) for the unauthorized discharge of an employee, William Lindhorst. We affirm.

Lindhorst, who was president of Local No. 110, received a labor complaint from Vulcan-Hart for "wilfull disobedience and insubordination" on April 20, 1979, due to a conflict with his foreman at a departmental meeting.[1] Lindhorst was immediately suspended, and thereafter discharged on April 24, 1979. Lindhorst's grievance regarding this incident was submitted to arbitration pursuant to the provisions of the parties' collective bargaining agreement; the arbitrator found in favor of Lindhorst and ordered reinstatement.

Upon request of the district court, the arbitrator issued a supplemental clarifying opinion which specifically indicated that Vulcan-Hart was "arbitrary, capricious and discriminatory" in its treatment of its employee, Lindhorst. This conclusion was based, at least in part, on the employer's plant manager's testimony that indicated that Vulcan-Hart may have discharged Lindhorst as a lesson to the union that the company would not tolerate union activity designed to challenge or discredit management.

Vulcan-Hart brought this action in the Eastern District of Missouri, the Honorable John K. Regan presiding, seeking either vacation of the arbitrator's award on the ground that it was in excess of his authority under the collective bargaining agreement, or remand of the grievance to another arbitrator. The union counterclaimed seeking enforcement of the award, and both parties moved for summary judgment.

Article XII, Section 1, of the collective bargaining agreement states "The Company has the right to discharge or lay off an employee for *sufficient cause* including insubordination. . . ." Article XIII, Section 3, states:

Law Offices of Gerald Tockman, A Professional Corp., Gerald Tockman, Charles W. Ahner, Jr., argued, St. Louis, Mo., for appellant Vulcan-Hart Corp.

Harold Gruenberg, argued, Gruenberg, Souders & Levine, St. Louis, Mo., for appellee.

Before LAY, Chief Judge, ARNOLD, Circuit Judge, and WOODS, District Judge.*

LAY, Chief Judge.

This appeal arises from an arbitration dispute. Vulcan-Hart Corporation appeals from the district court's judgment which enforces an arbitration award in favor of

* Henry Woods, United States District Judge, Eastern District of Arkansas, sitting by designation.

1. The arbitrator found that Lindhorst, upon hearing at a meeting that he was being re-

placed as leadman without prior notice, erupted into a violent outburst, shook his finger at the foreman, and expressed himself with the use of profane or vulgar language.

When differences arise as to meaning, interpretation, application, or compliance the grievant shall have the burden of proving his case by a preponderance of the evidence and the employer's determinations are subject to review only to the extent that they are *arbitrary, discriminatory,* or *capricious.*

It is agreed the function of the arbitrator shall be judicial rather than a legislative nature. Any determination of a grievance arising out of the terms of the agreement is subject to review only to the extent of interpretation, application, or alleged violation and such review will not add to, subtract from, or modify any of the terms of the agreement.

Additionally, a plant rules agreement was negotiated and entered into concurrently with the General Labor Relations Agreement. Section 13 of this agreement gives discretion to the employer to *immediately* discharge an employee for violation of a plant regulation when the offense is *sufficiently serious.* Section 16(2) of the plant rules agreement calls for immediate discharge for "willful disobedience and insubordination."

The district court found that, under the terms of the agreements, insubordination would be deemed sufficient for discharge or layoff. However, the decision by Vulcan-Hart to discharge Lindhorst was subject to review by the arbitrator within the confines of the arbitration agreement. The district court found the arbitrator's decision in favor of the union to be within the authority granted to him by the bargaining agreement and thus refused to grant summary judgment to Vulcan-Hart, refused to remand for consideration by another arbitrator, and enforced the arbitration award.

 It is not the function of a reviewing court to look to the merits of the claim. *United Steelworkers v. American Mfg. Co.,* 363 U.S. 564, 567–68, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403 (1960). If we find that the arbitrator's award drew its essence from the collective bargaining agreement, then it must be enforced. *United Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960); *Kewanee Mach. Div. v. Local Union No. 21, Int'l Bhd. of Teamsters,* 593 F.2d 314, 316 (8th Cir. 1979); *Western Iowa Pork Co. v. National Bhd. Packinghouse and Dairy Workers,* 366 F.2d 275, 277–78 (8th Cir. 1966).

This court recently addressed a similar case to the one at bar in *Kewanee Machinery Division, Chromalloy American Corp. v. Local Union No. 21, International Brotherhood of Teamsters,* 593 F.2d 314 (8th Cir. 1979). In *Kewanee,* the collective bargaining agreement contained a broad management rights clause giving the company the sole right to discharge employees. The *Kewanee* agreement also stated that seniority would be broken and employment relations terminated when an employee is discharged for "proper cause." Awarding reinstatement with back pay to an employee who was terminated for absenteeism due to bona fide illness, the arbitrator in *Kewanee* recognized the inherent tension between the absolute right of the first clause and the "proper cause" requirement of the second, and concluded that management could not "abdicate its responsibility to undertake the onerous task of distinguishing between wrongful conduct meriting discipline and unfortunate circumstances" if the "proper cause" standard was to have any real meaning in the contract administration. This court upheld the arbitrator's decision, stating that it was the arbitrator's obligation to resolve any conflicts in contract construction and that such a decision would not be interfered with "unless it can be said with positive assurance that the contract is not susceptible of the arbitrator's interpretation." 593 F.2d at 317–18.

 Thus, the arbitrator in this case had the authority to interpret the collective bargaining agreement and to resolve the conflicting provisions of Article XII allowing discharge for "sufficient cause" and section 16(2) calling for immediate discharge for insubordination. "The provision as a whole is far from being clear and unambiguous and is susceptible to the arbitrator's interpretation." *Ford Parcel Serv., Inc. v. Miscellaneous Drivers and Helpers Union No. 610,* 656 F.2d 387, 390 (8th Cir. 1981). That is, the arbitrator could hold that Vulcan-Hart does not retain complete control over

discharge, that a "sufficient cause" standard applies. In this case, Vulcan-Hart's discharge decision was found to be arbitrary, capricious and discriminatory; the discharge was, therefore, not for "sufficient cause." We find that such a holding draws its essence from the collective bargaining and plant rules agreements without adding to, subtracting from, or modifying any of the terms.

Vulcan-Hart's contention that the arbitrator shifted the contractual burden of proof to it and that the district court erred on this ground is without merit. The arbitrator found that Vulcan-Hart acted in an arbitrary, capricious or discriminatory manner which indicates that Lindhorst met his burden under the contract.

Vulcan-Hart also asserts that the arbitrator exceeded his authority by substituting a suspension for the discharge. It is agreed that had Lindhorst been found guilty of insubordination and had Vulcan-Hart not been found to be arbitrary, capricious or discriminatory, the arbitrator would be acting outside the essence of the agreement. Under such circumstances, the arbitrator could not then find the punishment excessive and substitute his own brand of industrial justice. *Truck Drivers & Helpers Union Local 784 v. Ulry-Talbert Co.*, 330 F.2d 562, 564–66 (8th Cir. 1964). However, in the present case, these circumstances do not exist and the arbitrator was free to adopt the original suspension ordered by the employer.[2] *See also Resilient Floor and Decorative Covering Workers, Local Union 1179 v. Welco Mfg. Co.*, 542 F.2d 1029, 1032–33 (8th Cir. 1976).

We affirm the district court.

2. Vulcan-Hart originally suspended Lindhorst indefinitely. The arbitrator ordered reinstatement with back pay less 30 days disciplinary suspension for misconduct. The award of back pay was thus reduced by the amount which would be due for 30 days.