**UNITED FOOD AND COMMERCIAL WORKERS, LOCAL NO. 222, AFL-CIO, Appellee,**

v.

**IOWA BEEF PROCESSORS, INC., a Corporation, Appellant.**

**No. 82-1054.**

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1982.

Decided July 26, 1982.

Harry H. Smith, MacDonald Smith, Sioux City, Iowa, for appellee.

Arthur T. Carter, Alaniz, Bruckner & Sykes, Lincoln, Neb., for appellant.

Before LAY, Chief Judge, FAIRCHILD, Senior Circuit Judge,* and BRIGHT, Circuit Judge.

BRIGHT, Circuit Judge.

Iowa Beef Processors, Inc. (IBP), appeals from a district court order granting summary judgment in favor of the United Food and Commercial Workers, Local No. 222, AFL–CIO (the Union), and adverse to the interests of IBP. The Union had instituted the district court proceeding to enforce a labor arbitration award issued by the arbitrator, Raymond Goetz, on April 20, 1980. The district court sustained the arbitrator's award; we affirm the district court.[1]

I. *Background.*

The Union and IBP are parties to a collective bargaining agreement effective from May 1, 1978, to May 1, 1982, which covers IBP's production and maintenance employees at its Dakota City, Nebraska, facility. A dispute arose over the interpretation of article VIII, section 1 of the collective bargaining agreement, which provides:

> The Company will provide each regular full-time employee, other than maintenance employees, thirty-six (36) hours of pay in each week of employment at the employee's straight time hourly rate which is to be scheduled Monday through Friday inclusively. However, *it is agreed that the Company may for not more than six (6) weeks during each contract year satisfy the guarantee by utilizing the days Tuesday through Saturday inclusively, provided the Company shall post a notice to that effect not later than the last work-day of the week preceding any week in which this is to be applicable.* Regular full-time maintenance employees will be guaranteed thirty-six (36) hours of pay in five (5) days for each week of employment. Hours employees are absent for any reason will be deducted from such thirty-six (36) hours. The Guarantee will also be reduced by eight (8) hours

for each full shift on which the plant is unable to operate because of storm, flood, fire, explosion, power failure, strikes, or boycotts by any labor union or the National Farm Organization or similar groups. [Emphasis supplied.]

After exhausting the contract grievance procedures, the parties submitted the dispute to arbitration. In the arbitration, IBP contended that the underlined language allowed it to change its normal Monday-through-Friday scheduling to Tuesday-through-Saturday for six weeks each contract year for each working group of its employees in the Dakota City plant. The Union maintained that this same language allowed IBP to change the work schedule only six weeks per year, regardless of whether only one or all working groups operated on the alternative schedule.

The arbitrator upheld the Union's position and sustained the grievance for two reasons. First, the arbitrator considered the express terms of the disputed language, concluding that the plain meaning of the language in the provision supported the Union's position. The arbitrator then continued, stating that he believed a mutual misunderstanding existed between the parties. Given the different meanings the parties attached to the same language, the arbitrator resorted to general contract principles and construed the provision against IBP because IBP should have been aware of the Union's position.

IBP contended in the district court that the arbitration award should be set aside because (1) it did not draw its essence from the collective bargaining agreement, (2) the contract precluded the arbitrator from proceeding once he had acknowledged a misunderstanding between the parties, (3) the arbitrator improperly failed to consider the entire contract, (4) the literal language of the whole contract supported IBP's position, (5) the arbitrator improperly interpreted the contract, and (6) the arbitrator should

---

* THOMAS E. FAIRCHILD, United States Senior Circuit Judge, Seventh Circuit, sitting by designation.

1. The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

not have granted the Union a favored status when interpreting the contract. The district court rejected these arguments, finding an adequate basis for the arbitrator's decision and determining that the decision itself was within the arbitrator's authority.

On appeal, IBP has narrowed its contentions. It now argues that the arbitrator acted beyond his authority when he reached the merits of the dispute after finding a mutual misunderstanding. IBP also urges this court to conclude that the arbitration award fails to draw its essence from the collective bargaining agreement.

II. *Discussion.*

It is well established that judicial review of an arbitration award is limited to deciding whether the award draws its essence from the collective bargaining agreement. *See, e.g., United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960); *Ford Parcel Service, Inc. v. Miscellaneous Drivers and Helpers Union No. 610,* 656 F.2d 387, 390 (8th Cir. 1981); *Kewanee Machinery Division v. Local Union No. 21,* 593 F.2d 314, 316–17 (8th Cir. 1979). In reviewing an arbitration award, this court does not reweigh the merits of the respective parties' claims, but only determines whether the arbitrator has exceeded his authority. *See United Steelworkers of America v. American Manufacturing Co.,* 363 U.S. 564, 568, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403 (1960). This deferential stance encourages the resolution of labor disputes through arbitration. *Id.* at 569, 80 S.Ct. at 1347.

In the present case, we agree with the district court that there was an adequate basis for the arbitrator's decision in favor of the Union and that his decision was within his authority. As the district court correctly stated,

the decision by the arbitrator that the "ordinary reader" of the English language would find that the contract supports the position of the union is sufficient to support the award and deny a reversal of the arbitrator's award. [*United Food & Commercial Workers, Local No. 222 v. Iowa Beef Processors,* No. C 80–4043, slip op. at 5 (N.D.Iowa Dec. 8, 1981) (order).]

As an interpretation of the literal language of the disputed provision, the arbitrator's decision obviously draws its essence from the collective bargaining agreement. In these circumstances, we need not reach IBP's arguments over the propriety of the arbitrator's alternative holding. Accordingly, we affirm.