In the Matter of the Arbitration between GRAHAMS SERVICE INC., Appellant,

v.

TEAMSTERS LOCAL 975 (Richard D. Larson), Appellee.

No. 82–1180.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1982.

Decided Nov. 8, 1982.

* The Hon. James H. Meredith, Senior United States District Judge for the Eastern District of Missouri.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Robert L. Grossman, Minneapolis, Minn., for appellant.

Larkin, Hoffman, Daly & Lindgren, Ltd. by Christopher J. Deitzen, Jack S. Nordby, Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, BRIGHT, and JOHN R. GIBSON, Circuit Judges.

LAY, Chief Judge.

The petitioner, Grahams Service Inc., appeals from the district court's order of summary judgment affirming an arbitrator's award in favor of the respondent Union. The arbitrator held that the company wrongfully discharged an employee, and ordered reinstatement and back pay.

The petitioner company and the respondent Union entered into a collective bargaining agreement, which stated in part:

Article 4—Discipline and Discharge:

> The Employer shall not discharge any employee without just cause and shall give at least one warning notice to the employee in writing of the complaint. A copy of the warning notice must also be sent to the Union, except that no warning notice need be given to the employee before he is discharged if the cause of such discharge is dishonesty, major violation of company rules that do not conflict with this Agreement, or drinking while on duty. Any employee may request an investigation as to his discharge and should the investigation prove that an injustice has been done an employee, he shall be reinstated and compensated at his usual rate of pay while he has been out of work.

In 1980, the company discharged an employee, Richard D. Larson. Larson filed a grievance against the company; the matter eventually was submitted to an arbitrator pursuant to the collective bargaining agreement.

The arbitrator decided in favor of Larson and the Union, and ordered reinstatement and back pay. The arbitrator reasoned that the company did not prove that Larson violated the collective bargaining agreement, and therefore that Larson was entitled to at least one written warning before he could justifiably be discharged. Since the company gave Larson no written warning regarding the offense for which he was discharged, the arbitrator concluded that the company violated the collective bargaining agreement.

The company then petitioned the United States District Court for the District of Minnesota for an order vacating or modifying the arbitrator's award. The company alleged that the arbitrator was guilty of misconduct in refusing to postpone the hearing and in refusing to hear certain evidence, and therefore, pursuant to 9 U.S.C. § 10(c), the award should be vacated. However, the district court concluded that the petitioner had failed to "submit sufficient extrinsic evidence to make a threshold showing of misconduct"; accordingly, the district court quashed the company's subpoena to depose the arbitrator, and ultimately granted the Union's motion for summary judgment.

On appeal, the company alleges that there was a sufficient factual dispute regarding the arbitrator's alleged misconduct so that summary judgment should not have been granted. The company also argues that it was prejudiced by the fact that the law firm that represented the Union in this case has represented the company previously on unrelated matters. We affirm the judgment of the district court.

*The Arbitrator's Award.*

■ Our review is limited to a determination of whether the collective bargaining agreement gave the arbitrator the authority to make the decision he did. In other words, the arbitrator's decision "is legitimate only so long as it draws its essence from the collective bargaining agreement." *United Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). *E.g., United Food and Commercial Workers, Local No. 222 v. Iowa Beef Processors, Inc.,* 683 F.2d 283, 285 (8th Cir.1982); *Vulcan-Hart Corp. v. Stove, Furnace & Allied Appliance Workers International Union Local No. 110,* 671 F.2d 1182, 1184 (8th Cir.1982); *Rainbow Glass Co. v. Local Union No. 610,* 663 F.2d 814, 817 (8th Cir.1981); *Ford Parcel Service, Inc. v. Miscellaneous Drivers and Helpers Union No. 610,* 656 F.2d 387, 390 (8th Cir. 1981).

Recognizing our limited scope of review, the company nonetheless argues that the arbitrator's refusal to hear pertinent evidence and his refusal to postpone the hearing constitute misconduct under 9 U.S.C. § 10(c), and therefore the award should be vacated.

Section 10(c) states that a court may vacate an arbitrator's award:

> Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

9 U.S.C. § 10(c).

In passing on section 10(c) the Third Circuit has held that an error that requires the vacation of an award "must be one that is not simply an error of law, but which so affects the rights of a party that it may be said that he was deprived of a fair hearing." *Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co.,* 397 F.2d 594, 599 (3d Cir.), *cert. denied,* 393 U.S. 954, 89 S.Ct. 378, 21 L.Ed.2d 365 (1968). *See also Totem Marine Tug & Barge, Inc. v. North American Towing, Inc.,* 607 F.2d 649, 651 (5th Cir.1979); *Bell Aerospace Co. v. Local 516,* 500 F.2d 921, 923 (2d Cir.1974).

■ We cannot say this happened in this case. The company alleges that at the

hearing, the arbitrator excluded notarized letters, offered by the company in lieu of testimony, pertaining to Larson's work record. The arbitrator also refused to postpone the hearing to allow the company to produce witnesses to replace the evidentiary value of the excluded letters. However, letters or testimony relating to Larson's work record may be said to have been of little relevance when the issues before the arbitrator were whether Larson's conduct constituted a major violation of company rules, and, if not, whether the company warned Larson in writing before it discharged him. Company representatives were allowed to testify regarding the nature of Larson's offense, which was the primary issue before the arbitrator. In light of these considerations it cannot be said that the acts the company complains of deprived it of a fair hearing.[1]

*Conflict of Interest.*

The company finally contends that the Union's counsel acted improperly when it represented the Union in this matter, since it had previously represented the company on various matters unrelated to this litigation.[2]

■ Even if it were found that the Union's counsel violated the Code of Professional Responsibility (and we make no assumption that counsel did), disqualification would not be the automatic result. The decision whether to disqualify counsel rests in the sound discretion of the district court, and its decision will not be overturned absent a showing of a clear abuse of discretion.[3]

The record on this issue in this case is sparse. Counsel for the company apparently never formally moved for the disqualifi-

cation of the Union's counsel, although he did raise the issue before the trial judge at the hearing on the Union's motion for summary judgment. The district court judge apparently felt the potential conflict of interest was resolved when he received a letter from the president of the company addressed to the Union's counsel, in which the president waived any potential conflict of interest by the Union's counsel.

■ Counsel for the company argues that the Union's counsel also acted improperly in obtaining the waiver letter, since it communicated with an adverse party it knew to be represented by a lawyer.[4] The district court apparently felt that disqualification was not warranted. Regarding both of these allegations, we cannot say on the sparse record presented here that the district court's decision was an abuse of discretion.

■ The company may have had sufficient cause to discharge Larson in this case. However, because of the nature of arbitration and the purpose it serves, it would be improper for either this court or the district court to vacate the arbitrator's decision that the company erred procedurally in discharging Larson and, according to the terms of the agreement, he must be reinstated. Judge Learned Hand's statement in *American Almond Products Co. v. Consolidated Pecan Sales,* 144 F.2d 448 (2d Cir.1944), is appropriate here:

> Arbitration may or may not be a desirable substitute for trials in courts; as to that the parties must decide in each instance. But when they have adopted it, they must be content with its informalities; they may not hedge it about with those procedural limitations which it is precisely its purpose to avoid. They must

1. The company's contention that the letters were improperly excluded is weakened by the statement of the company general manager and corporate secretary in her affidavit that she believed the letters were considered, although not discussed, by the arbitrator in his decision.

2. *See* Model Code of Professional Responsibility EC 5–14 to 5–16, and DR 5–105 (1980).

3. *Central Milk Producers Coop. v. Sentry Food Stores, Inc.,* 573 F.2d 988, 991 (8th Cir.1978); *Meat Price Investigators Ass'n v. Spencer Foods, Inc.,* 572 F.2d 163, 165 (8th Cir.1978); *Fred Weber, Inc. v. Shell Oil Co.,* 566 F.2d 602, 605 (8th Cir.1977), *cert. denied,* 436 U.S. 905, 98 S.Ct. 2235, 56 L.Ed.2d 403 (1978).

4. *See* Model Code of Professional Responsibility DR 7–104 (1980).

content themselves with looser approximations to the enforcement of their rights than those that the law accords them, when they resort to its machinery. *Id.* at 451.

JOHN R. GIBSON, Circuit Judge, concurring.

I concur in the result reached by the majority. However, I would make clear that the Court is not squarely deciding the issue of whether the United States Arbitration Act applies to the review of labor arbitration awards, an issue on which courts are presently divided.