UNITED ELECTRICAL, RADIO AND MACHINE WORKERS OF AMERICA, LOCAL 1139, Appellant,

v.

LITTON MICROWAVE COOKING PRODUCTS, LITTON SYSTEMS, INC., Appellee.

No. 81–2230.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 2, 1983.

Decided Feb. 3, 1984.

Faegre & Benson, Reid Carron, Minneapolis, Minn., for appellee.

Robert D. Metcalf, Michael C. Hickey, Metcalf, Lazarus & Hickey, Minneapolis, Minn., for appellant.

Before LAY, Chief Judge, and HEANEY, BRIGHT, ROSS, McMILLIAN, ARNOLD, JOHN R. GIBSON, FAGG and BOWMAN, Circuit Judges, En Banc.

ARNOLD, Circuit Judge.

Local 1139 of the United Electrical, Radio, and Machine Workers of America brought this suit to enforce an arbitration award against Litton Microwave Cooking Products, Litton Systems, Inc. The award found that Litton, by requiring certain employees to take their vacations in March of 1981, had violated the collective-bargaining agreement. The arbitrator ordered Litton to grant all employees who were required to take their vacations in March of 1981 a second vacation during the summer months with pay. The arbitrator's conclusion that the company was in breach of contract is no longer in issue. The purpose of the Union's suit was simply to enforce the remedy that had been awarded. The District Court agreed that a second vacation should be granted, but refused to enforce that portion of the award directing that the second vacation should be a paid vacation.

On appeal, a panel of this Court affirmed, one judge dissenting. *Local 1139, United Electrical Workers v. Litton Microwave Cooking Products, Litton Systems, Inc.,* 704 F.2d 393 (8th Cir.1983). The Union's petition for rehearing en banc was then granted, the opinion of the panel was therefore vacated by operation of law, and the case was re-submitted to the Court en banc. Because we believe that the arbitrator's award drew its essence from the collective-bargaining agreement, we now reverse and remand the cause to the District Court with directions to enforce the award in its entirety. The District Court's decision to deny the Union's request for attorneys' fees, however, was not an abuse of discretion and is affirmed.

The Supreme Court has recently reminded us that the courts may set aside labor-arbitration awards only in rare circumstances. The Court said, in a unanimous opinion written by Justice Blackmun:

> Under well established standards for the review of labor arbitration awards, a federal court may not overrule an arbitrator's decision simply because the court believes its own interpretation of the contract would be the better one. *Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 596 [80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424] (1960). When the parties include an arbitration clause in their collective-bargaining agreement, they choose to have disputes concerning constructions of the contract resolved by an arbitrator. Unless the arbitral decision does not "dra[w] its essence from the collective bargaining agreement," *id.,* at 597 [80 S.Ct. at 1361], a court is bound to enforce the award and is not entitled to review the merits of the contract dispute. This remains so even when the basis for the arbitrator's decision may be ambiguous. *Id.,* at 598 [80 S.Ct., at 1361].

*W.R. Grace & Co. v. Local 759, Int'l Union of Rubber Workers,* —— U.S. ——, 103 S.Ct. 2177, 2182, 76 L.Ed.2d 298 (1983). We have recently reaffirmed and applied the same principles. *Lackawanna Leather Co. v. District Union 271, United Food & Commercial Workers,* 706 F.2d 228 (8th Cir.1983) (en banc).

■ Here, the only question is the appropriate remedy for a conceded breach of contract. In March of 1981, employees were compelled either to use vacation time or to work during a plant shutdown for the taking of inventory. Those who used their paid vacation time could not take a paid vacation later on, during the customary vacation season, which includes the summer months but not March. The arbitrator decided that employees who were thus forced to take their paid vacations at a time not permitted by the contract and not desired by them had suffered a real loss compensable in money. It is not for us to decide whether we would have awarded this particular relief, or whether the arbitrator correctly interpreted the contract. Those questions are, in all but the clearest cases, the arbitrator's business, not ours. Simply to award another vacation, but without pay, would fall short of what the arbitrator thought was full compensation. We cannot say that the arbitrator clearly exceeded his authority or violated the collective-bargaining agreement, when he resolved doubts as to the remedy against the party that had broken its promise. We therefore believe that the Union is entitled to have the arbitrator's award enforced in its entirety. It was, after all, the arbitrator's judgment and interpretation for which the parties bargained when they agreed that disputes arising under the contract would be submitted to arbitration.

For a somewhat fuller statement of our reasons for enforcing the award of the arbitrator, the reader is referred to the opinion dissenting from the panel, 704 F.2d at 400–03, the reasoning and substance of which we hereby adopt.

■ The District Court's decision to deny the Union an award of attorneys' fees is affirmed. To the extent that the District Court refused full enforcement of the arbitrator's award, its judgment is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

It is so ordered.

JOHN R. GIBSON, Circuit Judge, dissenting, joined by ROSS, FAGG and BOWMAN, Circuit Judges.

I respectfully dissent from the court's opinion. The arbitrator's award in this case alters and changes the terms of the collective bargaining agreement and therefore does not draw its essence from it. The award is also punitive in nature and is based on an unsupported factual assumption.

Section 21C of the collective bargaining agreement directs that "[t]he arbitrator's decision shall be within the terms of this Agreement" and that "[h]e shall not add to, subtract from, alter, or change the terms." The collective bargaining agreement specifically limits employee paid vacations. Section 11A provides as follows:

11A. Annual vacations with pay, subject to the provisions of this SECTION, will be granted to employees in accordance with the following schedule:

| | |
|---|---|
| Employees with one year of service | 5 days |
| Employees with two years of service | 10 days |
| Employees with five years of service | 12 days |
| Employees with eight years of service | 15 days |
| Employees with fifteen years of service | 20 days |
| Employees with twenty-five years of service | 25 days |

The arbitrator's award has altered and changed the contract, and allows those employees who did not work during the inventory shutdown more paid vacation time than provided for in Section 11A. In so doing, the arbitrator reasoned that: "[T]o merely grant an unpaid week off for a summer vacation equates to imposing on the grievants what virtually amounts to a lay-off. No recognized principle of equity permits such a penalty on the prevailing party in a contractual dispute." The arbitrator thus demonstrates his violation of Section 21C of the collective bargaining agreement, as well as the following command of *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960):

[A]n arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to

dispense his own brand of industrial justice.... [H]is award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award.

The arbitrator, in ignoring these limitations, manifested an infidelity to his obligation. His award thus did not draw its essence from the collective bargaining agreement and we should refuse enforcement of it.

The arbitrator has disregarded and modified the plain and unambiguous provisions of the collective bargaining agreement, ignoring the command that he simply interpret and apply it. *See, e.g., Truck Drivers & Helpers Union, Local 784 v. Ulry-Talbert Co.*, 330 F.2d 562, 564–65 (8th Cir.1964); *Monongahela Power Co. v. Local No. 2332, International Brotherhood of Electrical Workers*, 566 F.2d 1196, 1198–99 (4th Cir. 1976); *Textile Workers Union of America, Local Union No. 1386 v. American Thread Co.*, 291 F.2d 894 (4th Cir.1961). A panel of this court recently applied similar principles in *St. Louis Theatrical Co. v. St. Louis Theatrical Brotherhood Local 6*, 715 F.2d 405 (8th Cir.1983), finding that an arbitrator violated his authority in setting aside a discharge and reducing the employee's discipline to a thirty-day suspension without pay.

Given the limitation on paid vacation time contained in Section 11A of the collective bargaining agreement, the result of the arbitrator's award is to give those who did not work during the inventory shutdown an extra week's paid vacation. On this basis, the district court concluded that the arbitrator's award was not compensatory but punitive. In the absence of a finding of willful conduct or authorization for a punitive award within the agreement, a court may vacate a labor arbitrator's punitive award. *See, e.g., Westinghouse Electric Corp., Aerospace Division v. International Brotherhood of Electrical Workers, Local Union No. 1805*, 561 F.2d 521 (4th Cir.1977),

*cert. denied*, 434 U.S. 1036, 98 S.Ct. 771, 54 L.Ed.2d 783 (1978).

The court today justifies its decision on the unsupported assumption that the award was compensatory because employees were forced to take their vacation during the inventory shutdown. The record reflects, however, that the employees who chose not to work during the inventory shutdown and thus used paid vacation time did so voluntarily. Counsel for the Union conceded as much, although grudgingly, at the oral argument before the panel. The arbitrator himself noted that "[m]ost of [the employees] who had volunteered to assist in the inventory returned to scratch their names from the sign-up sheet." If the affected employees had left their names on this sheet and had worked during the shutdown, they would have been able to preserve vacation time for later in the year. Litton assigned additional employees to work during the shutdown because an insufficient number volunteered. Thus, the Union cannot validly claim that employees were "forced" to use vacation time during the inventory shutdown.

The arbitrator's award also rests on the premise that the employees were entitled to a fifty-two week payroll year. In reviewing this premise, the district court properly found:

Clearly, lay-offs are not prohibited by the contract. The exact timing of the inventory shutdown, only, is controlled. Additionally, employees are not guaranteed a 52-week pay period year. Those employees who neither work nor use paid vacation time during inventory shutdown in fact have a 51-week pay-period year. Thus, the granting of a week of paid vacation results in a windfall to those who neither worked nor used vacation time during the March 1981 inventory shutdown.

The arbitrator thus improperly assumed the existence of a fact that was central to the award which had no support and, under these circumstances, the award cannot stand. *See Electronics Corp. of America v. International Union of Electrical, Radio &*

*Machine Workers, Local 272,* 492 F.2d 1255, 1257 (1st Cir.1974). *Cf. Detroit Coil Co. v. International Association of Machinists & Aerospace Workers, Local # 82,* 594 F.2d 575, 580–81 (6th Cir.1979) (award cannot stand when arbitrators factual determinations are unsupported by record), *cert. denied,* 444 U.S. 840, 100 S.Ct. 79, 62 L.Ed.2d 52 (1979).

Our reasoning is further developed in the opinion of the panel. *Local 1139, United Electrical Workers v. Litton Microwave Cooking Products, Litton Systems, Inc.,* 704 F.2d 393 (8th Cir.1983).

The court today does damage to established principles of the law of arbitration. The court mistakenly concludes that "the award draws its essence from the contract" and overlooks the other important teachings of the *Steelworkers* trilogy. This case, in tandem with *Lackawanna Leather Co. v. District Union No. 271, United Food & Commercial Workers,* 706 F.2d 228 (8th Cir. 1983) (en banc), effectively eliminates any judicial review over the concededly broad powers of arbitrators.