**RICELAND FOODS, INC., Appellant,**

**v.**

**UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, AFL–CIO–CLC, LOCAL 2381 and UBC Southern Council of Industrial Workers, Appellees.**

**No. 83–1619.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1984.

Decided June 27, 1984.

Rehearing Granted Aug. 17, 1984.

Philip E. Kaplan, Kaplan, Hollingsworth & Brewer, P.A., Little Rock, Ark., for appellees.

Bill S. Clark, Little Rock, Ark., for appellant.

Before ROSS, JOHN R. GIBSON and BOWMAN, Circuit Judges.

BOWMAN, Circuit Judge.

Riceland Foods, Inc. (Riceland), a soybean processing company, appeals from a judgment of the District Court[1] enforcing an arbitration award in favor of United Brotherhood of Carpenters and Joiners of America, AFL–CIO–CLC, Local 2381 and UBC, Southern Council of Industrial Workers (the Unions). The District Court ruled that the arbitrator's award drew its essence from the collective bargaining agreement and, therefore, granted summary

1. The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

judgment in favor of the Unions[2]. We reverse.

On August 23, 1979, an ammonia leak occurred in one of Riceland's departments. Two employees, James Shelton and William Campbell, were assigned the job of locating and repairing the leak. Shelton subsequently protested to officials of the Occupational Safety and Health Administration (OSHA) that Riceland failed to provide exits from the work area and an adequate respirator. OSHA ordered Riceland to correct the latter problem. *See* 29 C.F.R. § 1910.134(c), (e)(5) (OSHA regulations regarding the use of respirators). Because Riceland already was investigating a new respirator program, OSHA issued a non-serious citation. *See* 29 U.S.C. § 658; 29 C.F.R. § 1903.14.

Riceland implemented a training program for use of the new respirator, a self-contained breathing apparatus (SCBA). A subsequent management directive stated, in part:

1. To assure a standard program, all employees who have need to wear the SCBA ... in performance of their job will be required *to be clean shaven on the facial area where the face mask seals against the face.* Any other conditions, such as, a skull cap that projects under the face piece, temple pieces of eyeglasses, absence of one or both dentures, etal (sic), that would prevent a seal between the facial surface and mask sealing surface shall be checked and corrected during training.

2. No one is authorized to use the SCBA unless he or she has had proper training.

Designated Record (D.R.) at 35 (emphasis added). An additional memorandum provided that employees who did not want to comply with the conditions for wearing the SCBA would be offered available jobs not requiring certification for wearing the SCBA. *Id.*

Four employees, James Shelton, William Campbell, Merlin Brenneman, and Rick Gibson, declined to follow these new safety rules by refusing to shave. They also refused to transfer to another work area. Riceland laid these employees off for three days and then discharged them. As a result, the Unions invoked the grievance and arbitration procedure established by their collective bargaining agreement with Riceland.

The arbitrator determined that the issues before him were whether there was just cause for discharging the four grievants and, if there was no just cause for the discharges, what was the remedy. After a hearing, he concluded that Riceland had not established that the safety rule regarding facial hair was fair, reasonable, and contractual. Therefore, the arbitrator required Riceland to reinstate the grievants to their former jobs with back pay and no loss of seniority rights. But the arbitrator also found that the grievants had violated the collective bargaining agreement by failing to follow the "obey now, grieve later" rule and penalized each of them with a loss of pay for the month following their discharges.

Reviewing courts rarely set aside arbitration awards. In this case, however, we believe that the award does not "draw its essence" from the collective bargaining agreement. *See generally W.R. Grace & Co. v. Local 759, Int'l. Union of Rubber Workers,* 461 U.S. 757, 103 S.Ct. 2177, 2182, 76 L.Ed.2d 298 (1983); *United Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960) (hereinafter *Enterprise Wheel & Car Corp.* ); *St. Louis Theatrical Co. v. St. Louis Theatrical Brotherhood Local 6,* 715 F.2d 405, 407 (8th Cir.1983).

The collective bargaining agreement between the parties expressly limits the au-

---

**2.** Riceland also argues that the grievance did not raise the reasonableness of the rules of the respirator program and that because the decision is contrary to the Occupational Safety and

Health Act of 1970, it is against public policy. Because of our resolution of this case, we need not address these other Riceland contentions.

thority of the arbitrator. For example, "Article 4: Arbitration" provides, in part:

*Section 4.* The arbitrator shall have no power to alter, amend, change, add to, or subtract from any of the terms of this Agreement, but shall determine only whether or not there has been a violation of this Agreement within the allegations set forth in the grievance ....

*Section 6.* The arbitrator shall not render any decision or award or fail to render any decision or award, merely because in his opinion such decision or award is fair or equitable. *Any arbitration* with respect to the exercise of a right to discharge or discipline under the provisions of Article 7 shall be limited to the question of whether or not there was just cause or whether or not the working rules were violated, and *shall not include whether or not the type of discipline selected was appropriate.*

D.R. at 10–11 (emphasis added). The arbitrator expressly found that the grievants violated the agreement by failing to obey Riceland's rule: they refused to shave as required if they were to be certified to wear the SCBA, and they refused reassignment to another work area where the SCBA would not be needed. Nonetheless, he mitigated the discipline selected by Riceland. This was contrary to the express language of Sections 4 and 6, *supra.* *See St. Louis Theatrical, supra; Truck Drivers & Helper's Union Local 784 v. Ulry-Talbert Co.,* 330 F.2d 562 (8th Cir.1964). Because the arbitrator was not authorized to evaluate the propriety of the discipline selected by Riceland, the District Court should have granted summary judgment in favor of Riceland. After all, "[an arbitrator] does not sit to dispense his own brand of industrial justice." *Enterprise Wheel & Car Corp.,* 363 U.S. at 597, 80 S.Ct. at 1361 (1960).

The Unions rely heavily on the arbitrator's conclusion that Riceland's shaving rule was unreasonable. This reliance is misplaced because the reasonableness of the shaving rule is irrelevant. If the employees had obeyed the rule and followed grievance procedures, it would be a different case—the central issue before the arbitrator would have been the reasonableness of the rule; there would not have been a question about the employees' behavior. But here the employees simply flouted the rule, which was intended to protect their health and safety in accordance with OSHA policy.[3]

The Unions also rely on two cases in which the arbitrator interpreted the scope of a clause providing for discharge for "sufficient cause" and for "proper cause." *See Vulcan-Hart Corp. v. Stove, Furnace & Allied Appliance Workers Int'l Union Local No. 110,* 671 F.2d 1182 (8th Cir.1982); *Kewanee Machinery Division v. Local Union No. 21, International Brotherhood of Teamsters,* 593 F.2d 314 (8th Cir.1979). In those cases the employees were discharged for insubordination and for absences. Neither case confronted the problem of an express provision removing the discipline selected by the employer from the arbitrator's consideration. Similarly inapplicable is *United Electrical, Radio and Machine Workers of America, Local 1139 v. Litton Microwave Cooking Products, Litton Systems, Inc.,* 728 F.2d 970 (8th Cir.1984) (en banc) in which the issue presented was the appropriate remedy against an employer who had breached the collective bargaining agreement. In the instant case, we are faced with an arbitrator's alteration of the discipline selected by Riceland notwithstanding his conclusion that the employees had breached the agreement. The arbitrator exceeded his authority and violated the express terms of the collective bargaining agreement when he altered the discipline.

The judgment of the District Court is reversed.

---

**3.** We express no opinion on whether the reasonableness of the rule is an appropriate issue, within the terms of the collective bargaining agreement, for resolution by the arbitrator.