**SWINK & COMPANY, INC., Appellant,**

v.

**NORRIS & HIRSHBERG, INC., Appellee.**

**No. 86–2153.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1988.

Decided April 29, 1988.

Patrick R. James, Little Rock, Ark., for appellant.

Phillip S. McKinney, Atlanta, Ga., for appellee.

Before LAY, Chief Judge, and McMILLIAN and ARNOLD, Circuit Judges.

PER CURIAM.

Appellant Swink & Company, Inc. (Swink), appeals from a final judgment entered in the District Court[1] for the Eastern District of Arkansas confirming an arbitration award in favor of appellee, Norris & Hirshberg, Inc. (N & H), finding Swink liable to N & H in the amount of $29,000. *Swink & Co. v. Norris & Hirshberg, Inc.*, No. LR–C–86–197 (E.D.Ark. Aug. 20, 1986). For reversal, Swink argues the district court erred in confirming the arbitration award because the refusal of the arbitrators to allow Swink to discover the identity of or examine certain witnesses was misconduct. For the reasons discussed below, we affirm.

Swink and N & H are both registered Municipal Securities Dealers as defined by

---

1. The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

15 U.S.C. § 78a (West 1981), and subject to the rules and regulations of the Municipal Securities Rulemaking Board (MSRB). These regulations require dealers to submit their disputes to arbitration under the Arbitration Code of the MSRB.

Swink and N & H found themselves in arbitration due to a dispute concerning the August 1984 sale of $40,000 worth of Brevard County, Florida, Health Facilities Bonds. Swink offered to purchase the bonds from N & H on August 13, 1984. When N & H attempted delivery of the bonds, however, Swink refused to either accept the bonds or to pay for them, claiming that N & H was aware of problems with the bonds at the time of Swink's offer to purchase them. N & H submitted the dispute to MSRB arbitration, and a hearing was held on December 11, 1985, before a panel of three arbitrators appointed by the MSRB. On January 22, 1986, the arbitrators entered an award in favor of N & H, finding Swink liable to N & H in the amount of $29,000.

Swink filed a motion in the district court to vacate the arbitrators' award because, Swink argued, the arbitrators committed misconduct in refusing to allow Swink to either discover the identity of or examine the customers of N & H who were selling the bonds. Swink argued that if it had been allowed to question the customers regarding the reasons they sold the bonds to N & H, Swink might have been able to prove that N & H knew of problems with the bonds at the time of Swink's offer, and were trying to get their customers to "dump" bad bonds. The district court rejected this argument, and concluded that the denial of discovery or examination of the witnesses did not deprive Swink of a fair hearing or constitute misconduct on the part of the arbitrators. The district court granted N & H's cross-motion to confirm the arbitration award, and entered judgment in favor of N & H and against Swink.

Swink renews its argument in this court, asserting that the district court erred in confirming the award because the arbitrators were guilty of misconduct in refusing to allow discovery or examination of N &

H's customers. As the district court noted, under § 24 of the MSRB Arbitration Code the arbitrators are permitted to determine the materiality and relevance of any evidence that is proffered, and are not bound by any formal rules governing the admissibility of evidence. Moreover, "[a]bsent exceptional circumstances ... a reviewing court may not overturn an arbitration award based on the arbitrator's determination of the relevancy or persuasiveness of the evidence submitted by the parties." *Hoteles Condado Beach v. Union de Tronquistas Local 901*, 763 F.2d 34, 39–40 (1st Cir.1985). We find no such "exceptional circumstances" in this case.

First, we note that an N & H sales representative directly testified that the customers had no way of knowing of any problems with the bonds. Second, we agree with the district court's observation that "[b]y seeking to question the customers, Swink merely wanted to go on a 'fishing expedition' to determine whether the customers who sold the bonds to Norris & Hirshberg were aware of the problems with the bonds at the time of the sale." Slip op. at 4. The district court properly concluded that it was not misconduct for the arbitrators to have refused to allow this "fishing expedition." Accordingly, we affirm the judgment of the district court. *See* 8th Cir.R. 14.