875 F.2d 862
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CENTER STAGE MARKETING, INC., Plaintiff-Appellees,
v.
FILMCO, INC. d/b/a Creative Film Promotions, Defendant-Appellant.
 No. 88-3621.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1989.
 
 Before KEITH, NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges.
 PER CURIAM.
 
 
 1
 Filmco, Inc. appeals from the district court's confirmation of an arbitration award in this action brought pursuant to the Federal Arbitration Act, 9 U.S.C. Sec. 1 et seq. (1982). For the reasons that follow, we affirm the district court's judgment.
 
 I.
 
 2
 The respondent-appellant, Filmco, Inc. ("Filmco"), is a California corporation engaged in the business of placing its clients' products in various advertising media. The petitioner-appellee, Maier & O'Donnell Company ("M & O"), is an Ohio based partnership. In May of 1985, Filmco and M & O entered into a contract whereby M & O agreed to sell Filmco's services to clients for a 40 percent commission. The contract provided that either party could terminate the agreement, for cause, upon 30 days written notice and further provided that:
 
 
 3
 Any dispute arising out of the interpretation of this Agreement or with respect to the conduct of the parties will be settled in accordance with the rules and procedures of the American Arbitration Association. Any award made by a majority of such arbitrators will be binding and conclusive on all parties hereto for all purposes, and judgment may be entered thereon in any court having jurisdiction thereof.
 
 
 4
 J.App. at 12.
 
 
 5
 In the latter part of 1985, the parties had a disagreement about the amount of commissions which M & O was due under the agreement. On September 12, 1985, M & O terminated the agreement, citing Filmco's alleged failure to pay the commissions due. In January of 1987, the parties submitted their dispute to the American Arbitration Association ("AAA" or "Association"), in accordance with the terms of their contract. The matter was scheduled to be tried on November 6, 1987. On October 27, 1987, a pre-hearing conference was held, at M & O's request, and the parties agreed to promptly exchange all relevant documents. M & O thereafter submitted its document request to Filmco, and Filmco promptly complied with that request. On October 30, 1987, having received no discovery request from Filmco, M & O sent Filmco copies of the documents which it intended to use as trial exhibits.
 
 
 6
 As the November 6 trial date approached, Filmco's attorney, William Francis ("Francis"), encountered personal problems and requested a continuance of the trial. The arbitrator granted that request. Thereafter, on November 13, 1987, Filmco submitted its document request to M & O. Among the items sought by Filmco were "[a]ll tapes made by [M & O] of conversations with [Filmco] or its employees during the years 1985 and 1986." J.App. at 55. Filmco stated that if such tapes existed, it would arrange for copies to be made at its own expense.
 
 
 7
 On November 25, 1987, Francis responded to a request from the Association for dates that he would be available for trial in this matter. Among the dates he proposed were January 4-6, 1987. On December 14, 1988, the Association rescheduled the trial for those dates. On December 18, 1987, however, Francis informed the AAA that the new trial dates were "not satisfactory," and requested that the trial be continued until February 9-12, 1988. Francis explained that he was scheduled to try another case on January 4-6, and that he had only recently learned of this fact. Francis also noted that M & O had not yet responded to Filmco's request for documents. The Association promptly denied this request for a second continuance.
 
 
 8
 On December 23, 1987, nearly six weeks after Filmco submitted its document request, M & O responded that it would "produce forthwith" the taped conversations. Finally, on December 30, 1987, less than one week prior to the rescheduled trial date, M & O produced the bulk of the documents requested by Filmco. M & O also indicated that two tape recordings of a phone conversation held on September 5, 1985 between employees of M & O and Filmco were available for Filmco's inspection in Cincinnati. J.App. at 77. The letter did not mention any other tape recorded conversations. The following day, Francis again contacted the AAA to protest the denial of his request for a second continuance and to stress M & O's continued failure to produce the documents which Filmco had requested. Francis requested the arbitrator to consider M & O's delay in making his decision on the merits of the case. Id. at 76.
 
 
 9
 The hearing was held, as scheduled, on January 4, 1988. It lasted for approximately one hour. While Francis did not attend the hearing, the arbitrator received Filmco's hearing brief into evidence. Pursuant to the parties' agreement, each side was permitted four days to file additional evidence with the Association. M & O thereafter submitted the taped conversation of September 5, 1985 into evidence. On February 3, 1988, the arbitrator issued his decision awarding M & O $118,133.33 in past due commissions, plus interest from January 4, 1988.
 
 
 10
 M & O then filed a petition to confirm the arbitration award in the United States District Court for the Southern District of Ohio. The petition was filed pursuant to the Federal Arbitration Act, 9 U.S.C. Sec. 1 et seq. (1982). In its answer to M & O's petition, Filmco sought to vacate the arbitrator's award on four grounds. First, Filmco asserted that M & O obtained the award by "corruption and undue means," principally by refusing to grant Filmco discovery "in a reasonable time or in a complete manner." J.App. at 16. Second, Filmco claimed that the arbitrator was guilty of misconduct in refusing to postpone the January 4, 1988 hearing, and in failing to require M & O to produce timely the requested documents. Third, Filmco alleged that the arbitrator exceeded his powers because, as Filmco claimed, the AAA's rules required that a panel of three arbitrators sit on cases involving more than $100,000.00. Finally, Filmco contended that M & O's petition failed to state facts sufficient to constitute a cause of action.
 
 
 11
 In an order dated June 21, 1988, the district court granted M & O's petition to confirm the arbitrator's award. After noting the narrow scope of judicial review of arbitration awards, the court stated:
 
 
 12
 An examination of the documents herein on the basis of the foregoing principles of law discloses no reason for setting aside the arbitration award. The arbitrator granted one continuance to defense counsel, selected a date which had been previously indicated by defense counsel as appropriate, and proceeded to trial on that date. The election of defense counsel not to participate can hardly be defined as corruption, fraud or partiality by an arbitrator. This Court finds no misconduct by the arbitrator in refusing to grant a second continuance.
 
 
 13
 J.App. at 155. Filmco then filed the instant appeal.
 
 II.
 
 14
 Our review of the arbitrator's award in this case is strictly limited. Under the Federal Arbitration Act, a federal court may not set aside an arbitrator's award unless the error committed by the arbitrator, if any, falls within the express terms of 9 U.S.C. Sec. 10. In addition, the arbitrator's error must have so affected the rights of the complaining party as to deprive that party of a fundamentally fair hearing. See Grahams Service Inc. v. Teamsters Local 975, 700 F.2d 420, 422 (8th Cir.1982). Moreover, section 10(c) of the Federal Arbitration Act, 9 U.S.C. Sec. 10(c), provides that a federal court may vacate an arbitration award "[w]here the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other misbehavior by which the rights of any party have been prejudiced." (emphasis added). As the above-emphasized language makes clear, an award may not be set aside under section 10(c) merely because the arbitrator made a mistake. Rather, the arbitrator's conduct must constitute serious error or intentional wrongdoing before an award may be vacated under this provision.
 
 
 15
 Applying this deferential standard to the arbitrator's actions in this case, we find no basis for setting aside the award. Filmco asserts that the arbitrator acted improperly in allowing the hearing to go forward without full documentary disclosure by M & O. While M & O's actions in delaying production of the requested documents are questionable, Filmco did not expressly request the arbitrator's aid in its attempts to obtain document discovery. In fact, Filmco did not even raise the discovery issue until December 18, 1987, approximately five weeks after having submitted its request for documents. Moreover, the arbitrator eventually received (and presumably considered) all of the documents ultimately produced by M & O in reaching his decision. See J.App. at 78-79. Although M & O sought some $158,000.00 in past due commissions, the arbitrator ultimately awarded only $118,000.00. Under these circumstances, despite M & O's dubious motives in delaying document discovery, we are constrained to find that the arbitrator did not violate section 10(c) in proceeding with the hearing on January 4, 1988.
 
 
 16
 Filmco next asserts that the arbitrator acted improperly in allowing M & O to introduce the September 5, 1985 conversation into evidence after the close of the hearing. Filmco argues that since it had no opportunity to respond to this allegedly critical evidence, the arbitrator should not have considered it. However, Filmco ignores the fact that both parties were permitted to introduce evidence after the close of the hearing. Therefore, the arbitrator was not guilty of "misconduct" or "misbehavior" in considering this evidence. Cf. Swink & Company, Inc. v. Norris & Hirschberg, Inc., 845 F.2d 789, 790 (8th Cir.1988) (stating that absent exceptional circumstances, a reviewing court may not overturn an arbitration award on evidentiary grounds).
 
 
 17
 Finally, Filmco asserts that the arbitrator erred in denying its request for a second continuance upon "sufficient cause shown." The arbitrator granted Filmco's first request for a continuance of the hearing, and rescheduled the hearing for dates on which Francis had indicated that he would be available. While we sympathize with Francis's scheduling difficulties, we cannot say that the arbitrator's refusal to grant Filmco's request for a second continuance constituted "misconduct" or "misbehavior."
 
 III.
 
 18
 For the foregoing reasons, the district court's judgment is hereby AFFIRMED.