**ST. LOUIS SOUTHWESTERN
RAILWAY COMPANY,
Plaintiff,**

v.

**TRANSPORTATION COMMUNICA-
TIONS UNION, Defendant.**

**No. S 88–112C(5).**

United States District Court,
E.D. Missouri,
Southeastern Division.

March 6, 1990.

Paul M. Brown, Wendy L. Wiedemann, Coburn, Croft & Putzell, St. Louis, Mo., for plaintiff.

C. Marshall Friedman, Michael J. Schaller, C. Marshall Friedman, P.C., St. Louis, Mo., Robert S. Clayman, Joseph Guerrieri, Jr., Guerrieri, Edmond & James P.C., Washington, D.C., for defendant.

## JUDGMENT AND ORDER

LIMBAUGH, District Judge.

Two employees of the St. Louis Southwestern Railway Company were discharged by the company. The discharge was submitted to the Public Law Board pursuant to a collective bargaining agreement between the Transportation Communications Union (TCU) and the St. Louis Southwestern Railway Company (Company). The Board ordered reinstatement with backpay. The Company, however, refused to reinstate the employees pursuant to the award. The Company then initiated this action to set aside the award, alleging that the Board exceeded its authority in rendering the award. The matter is now before the Court on defendant's motion for summary judgment.

Courts have recognized that summary judgment is a harsh remedy which the courts should only grant when the moving party has established his right to judgment with such clarity as not to give rise to controversy. *New England Life Ins. Co. v. Null*, 554 F.2d 896, 901 (8th Cir.1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." *City of Mt. Pleasant, Iowa v. Assoc. Elec. Coop., Inc.*, 838 F.2d 268 (8th Cir.1988).

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all the information before it shows that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System*, 368 U.S. 464, 467,

82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The court must review the facts in the light most favorable to the party opposing the motion and give that party the benefit of any inferences that can logically be drawn from those facts. *Buller v. Buechler,* 706 F.2d 844, 846 (8th Cir.1983). Furthermore, the Court is required to resolve all conflicts of evidence in favor of the non-moving party. *Robert Johnson Grain Co. v. Chem. Interchange, Co.,* 541 F.2d 207, 210 (8th Cir.1976). With these principles in mind the Court turns to an examination of the facts.

On June 6, 1984, plaintiff dismissed employees Chrisman and Wilmurth from service pursuant to formal investigation, conducted in accordance with the applicable collective bargaining agreement and the Railway Labor Act, 45 U.S.C. Sections 151 *et seq.* The charges were possessing alcoholic beverages on company property, entering locked offices that were off-limits to them, removing and stealing company property, and being absent without authorization.

Procedures for the investigation, the first stage of the grievance process, are contained in Section 23 of the collective bargaining agreement. Section 23–3 of that agreement between plaintiff and defendant provides that employees shall have a reasonable opportunity to secure the presence of necessary witnesses. In this case the hearing officer refused to allow Acie Myers, one of the claimants' witnesses, to testify because he was not an employee of the company, and because the letter requesting witnesses for the employees did not list Mr. Myers as a witness.

TCU appealed the dismissals to the Public Law Board established by TCU and the Company to resolve the dispute. The Public Law Board was comprised of three members: a neutral board member, a company-appointed member, and a TCU-appointed member. The Public Law Board issued its opinion on February 8, 1988. The Board held that the "refusal of a hearing officer to take testimony from a material witness called by the accused is substantial, prejudicial and fatal error which so taints the hearing as to render invalid the determination of culpability based on that hearing." The Board further stated that the hearing officer's refusal to hear the witness in question was a "procedural defect ... dispositive of the case, irrespective of whether testimony from the proffered witness would have offset [the] Carrier's evidence of guilt had we been able to properly consider the case on its merits." The Board observed that the Company's refusal to allow the claimants' witness to testify violated the Company's own procedural manual. The Board therefore sustained TCU's grievance and ordered that plaintiff reinstate the employees to service, clear their records and compensate them for all time lost. The company refused to comply with the Board's award and order and instead filed this complaint to set aside the award.

Upon an examination of the facts, the Court finds that there clearly is no genuine issues of material fact. The sole issue before this Court is whether the Board exceeded its jurisdiction under the Railway Labor Act, 45 U.S.C. Section 153 First (q).

This Court begins first by setting out the standard of review which is circumscribed by statute. Judicial review of National Railway Adjustment Board awards under the Railway Labor Act is " 'among the narrowest known to the law.' " *International Association of Machinists v. Northwest Airlines,* 858 F.2d 427, 429 (8th Cir. 1988) (*quoting Benoni v. Boston and Maine Corp.,* 828 F.2d 52, 54 n. 3 (1st Cir.1987). The Railway Labor Act, 45 U.S.C. Section 153 First (q), provides that the findings and the order of the Public Law Board are final and binding on the parties and may be set aside only for three specific reasons: (1) the board's failure to comply with the provisions of the Railway Labor Act; (2) failure of the order to confine itself to matters within the scope of the Board's jurisdiction; and (3) fraud or corruption by a member of the Board making the Order. 45 U.S.C. Section 153, First (q); *Union Pacific R.R. v. Sheehan,* 439 U.S. 89, 93, 99 S.Ct. 399, 402, 58 L.Ed.2d 354 (1978). Clearly, the Company challenges the Board's award solely on the

ground that the Board exceeded its jurisdiction by reinstating the employees to service based on a procedural defect in the formal investigation.

█ A board exceeds the scope of its jurisdiction only if is "wholly baseless and completely without reason." *Gunther v. San Diego A.E.R. Co.*, 382 U.S. 257, 261, 86 S.Ct. 368, 371, 15 L.Ed.2d 308 (1965). To make this determination, the court must refer to the language and purpose of the collective bargaining agreement. *BRAC v. Kansas City Terminal Ry. Co.*, 587 F.2d 903, 907 (8th Cir.1978). The agreement must be broadly construed with all doubts resolved in favor of the Board's award. *Walsh v. Union Pacific R.R.*, 803 F.2d 412, 414 (8th Cir.1986). A district court may not overturn a Board's findings simply because it disagrees with them. Even a judicial determination that the Board committed serious error does not suffice to overturn the decision. *United Paperworkers International Union v. Misco, Inc.*, 484 U.S. 29, 108 S.Ct. 364, 371, 98 L.Ed.2d 286 (1987). The test is whether the remedy fashioned by the Board is rationally explainable as a logical means of furthering the aims of the collective bargaining agreement. *Walsh*, 803 F.2d at 44. If the decision "draws its essence from the collective bargaining agreement," a court is bound to enforce the award and is not entitled to review the merits of the agreement dispute. *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597–98, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). Courts should set aside awards only in rare circumstances. *United Electrical Radio and Machine Workers v. Litton Microwave Cooking Products*, 728 F.2d 970, 971 (8th Cir.1984) (en banc).

█ The Court finds that the Board's decision was not wholly baseless and completely without reason. The Public Law Board's conclusions were based upon a specific requirement of the parties' collective bargaining agreement, mandating that the

employees have a reasonable opportunity to secure the presence of necessary witnesses. The Board found that this procedural defect was dispositive of the case.[1] This Court concludes that the Boards' decision clearly draws its essence from the bargaining agreement, and is within the scope of the Board's jurisdiction. As for the award of backpay and reinstatement, the Court finds that the Board fashioned its remedy by relying on the collective bargaining agreement specifically providing for reinstatement, payment of lost wages and the expungement of records.

Accordingly,

IT IS HEREBY ORDERED that defendant's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that judgment is hereby entered in favor of defendant and against plaintiff on the merits of plaintiff's complaint, and that Public Law Board 4087, Award 10 Case 1, is hereby enforced.

IT IS FURTHER ORDERED that plaintiff's motion for an order regarding additional briefing on defendant's motion for summary judgment is DENIED. *See, United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987).

IT IS FINALLY ORDERED that all other pending motions are DENIED.

---

1. This is a harsh finding. In ordinary situations, the matter would have been remanded for further proceedings so that the witnesses could have been called to testify before the hearing officer. Nonetheless, the standard for review here is so narrow the Court feels obliged to make the findings set out in this opinion although it is loath to do so.