Guy R. WILLIS, Plaintiff,

v.

SHEARSON/AMERICAN EXPRESS, INC., Defendant.

No. C 83–640–D.

United States District Court, M.D. North Carolina, Durham Division.

Aug. 31, 1983.

James B. Maxwell and Mark R. Morano, of Maxwell, Freeman, Beason & Morano, Durham, N.C., for plaintiff.

Everett J. Bowman and John R. Wester, of Fleming, Robinson, Bradshaw & Hinson, Charlotte, N.C., Peterson, Young, Self & Asselin, Atlanta, Ga., for defendant.

## MEMORANDUM OPINION AND ORDER

HIRAM H. WARD, Chief Judge.

This matter came before the Court on defendant's Motion to Stay Proceedings Pending Arbitration or To Dismiss (July 19, 1983). Defendant asserts that a stay is appropriate under section 3 of the Federal Arbitration Act, 9 U.S.C. § 3, because plaintiff's claims arise out of or relate to a brokerage account subject to a contractual agreement between the parties to arbitrate any such controversies. Plaintiff resists the motion on the grounds that the arbitration agreement does not include his claims of fraud, fraud in the inducement, and breach of fiduciary duty and his prayer for punitive damages. The Court concludes that sections 2 and 3 of the Federal Arbitration Act compel granting defendant's motion to stay.

In his Complaint, removed from state court on July 13, 1983, plaintiff alleged that he invested funds in July, 1982, in an account managed by the defendant as a result of assurances by defendant's agents of the account's safety, that in September, 1982, he became concerned about the economic health of his account and made inquiries with the defendant about the account's status, that the defendant's agents caused him to believe his account's status was satisfactory, and that later, in November, 1982, when he received an account performance chart, he learned of very substantial losses in his account, at which time it was too late to avoid the losses. Plaintiff has not alleged that defendant fraudulently induced him to agree to the arbitration clause found at paragraph 13 of the Customers Agreement (Motion to Stay Proceedings Pending Arbitration or to Dismiss, Exhibit A). Plaintiff signed the agreement. Paragraph 13 provides:

This agreement shall inure to the benefit of your successors and assigns, shall be binding on the undersigned, my heirs, executors, administrators and assigns, and shall be governed by the laws of the State of New York. Unless unenforceable due to federal or state law, any con-

troversy arising out of or relating to my accounts, the transactions with you or me or to this agreement or the breach thereof, shall be settled by arbitration in accordance with the rules then in effect of the National Association of Securities Dealers, Inc. or the Boards of Directors of the New York Stock Exchange, Inc. and/or the American Stock Exchange, Inc. as I may elect. If I do not make such election by registered mail addressed to you at your main office within 5 days after demand by you that I make such election, then you may make such election. Judgement upon any award rendered by the arbitrators may be entered in any court having jurisdiction thereof.

■ Section 2 of the Federal Arbitration Act provides that "[a] written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Section 3 compels "a federal court in which suit has been brought 'upon any issue referable to arbitration under an agreement in writing for such arbitration' to stay the court action pending arbitration once it is satisfied that the issue is arbitrable under the agreement." *Prima Paint Corp. v. Flood & Conklin Manufacturing Co.,* 388 U.S. 395, 400, 87 S.Ct. 1801, 1804, 18 L.Ed.2d 1270, 1275 (1967). Hence, before the federal act becomes applicable to a controversy the Court must be satisfied that there is a written agreement providing for arbitration of the agreement and that the contract containing the arbitration provision evidences a transaction involving interstate commerce. *American Home Assurance Co. v. Vecco Concrete Construction Co.,* 629 F.2d 961, 963 (4th Cir.1980).

Plaintiff did not raise an issue whether the parties' contract is one evidencing a transaction in interstate commerce. Nevertheless, the interstate character of the contract is evident. This is a diversity action between a resident plaintiff and a foreign securities broker. *See Corey v. New York Stock Exchange,* 493 F.Supp. 51 (W.D.Mich. 1980), *aff'd,* 691 F.2d 1205 (6th Cir.1982) (action involving sale of securities).

■ The arbitration provision found at paragraph 13 covers the issues raised by the Complaint. The provision is extraordinarily broad as to the matters subject to arbitration. It covers "*any* controversy arising out of or *relating to* ..." the account. (Emphasis added). Furthermore, the provision cannot reasonably be restricted solely to breach of contract questions since by its terms it covers any controversy arising out of or relating to the account agreement "or the breach thereof ...." In any event, the law is quite clear that "under the Federal Arbitration Act ... arbitration clauses should be read broadly and arbitration should not be denied in the absence of clear and express exclusions." *Spring Hope Rockwool, Inc. v. Industrial Clean Air, Inc.,* 504 F.Supp. 1385, 1387 (E.D.N.C.1981); *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* —— U.S. ——, ——, 103 S.Ct. 927, 941, 74 L.Ed.2d 765, 785 (1983).

Plaintiff pointed out that the account agreement provides at paragraph 13 that it "shall be governed by the laws of the State of New York" and cited authority that under New York law arbitrators cannot award punitive damages even if agreed upon by the parties. *Garrity v. Lyle Stuart, Inc.,* 40 N.Y.2d 354, 353 N.E.2d 793, 386 N.Y.S.2d 831 (1976). Based upon these two facts and the fact that he seeks punitive damages, plaintiff contends that arbitration is not proper.

■ The *Garrity* case dealt only with the powers of arbitrators under state law. The court did not address their powers, if any, under federal law. Federal law, the Federal Arbitration Act, applies to the arbitration provision in the parties' account agreement since that agreement is a written contract evidencing a transaction in interstate commerce. Although the parties to a contract can agree that a certain state's law will govern the resolution of issues submitted to arbitration (*i.e.,* plaintiff's entitlement to punitive damages, assuming

New York law applies), federal law governs the categories of claims subject to arbitration. *Supak & Sons Manufacturing Co. v. Pervel Industries, Inc.,* 593 F.2d 135, 137 (4th Cir.1979); *Becker Autoradio USA, Inc. v. Becker Autoradiowerk GmbH,* 585 F.2d 39, 43 (3d Cir.1978). Federal law controls resolution of issues concerning the arbitration provision's interpretation, construction, validity, revocability, and enforceability. If an issue is arbitrable under federal law, it remains so despite contrary state law. When faced with an application for a stay, a federal court may only determine issues relating to the making and performance of the arbitration agreement. *Prima Paint Corp. v. Flood & Conklin Manufacturing Co.,* 388 U.S. at 404, 87 S.Ct. at 1806, 18 L.Ed.2d at 1277. The Supreme Court in *Prima Paint* stated that granting a stay in the face of contrary state law does not violate the *Erie* doctrine, since Congress had authority to empower federal courts to grant stays when the conditions of sections 2 and 3 of the Federal Arbitration Act are met pursuant to the Commerce Clause. The fact that this case was removed from a state court does not change this result. *Stokes v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 523 F.2d 433 (6th Cir.1975); 9 U.S.C. §§ 2 & 3.

Defendant's motion acknowledges that plaintiff's "alleged claims clearly arise out of or relate to his account . . . ." Brief in Support of Motion to Stay Proceedings Pending Arbitration or to Dismiss at 2 (August 2, 1983). The Court agrees that the broad arbitration provision includes claims for punitive damages. Hence, the parties by their contract have authorized any arbitrator who may hear this matter to award punitive damages. *See Totem Marine Tug & Barge, Inc. v. North American Towing, Inc.,* 607 F.2d 649, 651 (5th Cir.1979) (arbitrators derive their authority from the scope of the contractual agreement); *Lundgren v. Freeman,* 307 F.2d 104, 109–110 (9th

Cir.1962) (scope of arbitrator's authority rests on the parties' agreement); *International Union of Operating Engineers v. Mid-Valley, Inc.,* 347 F.Supp. 1104 (S.D.Tex. 1972) (scope of authority extended solely to determine if breach of contract had occurred and not to award exemplary damages). The Court perceives no public policy reason persuasive enough to justify prohibiting arbitrators from resolving issues of punitive damages submitted by the parties. Concluding that arbitrators may determine such issues comports with the principle that under the federal act "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . ." *Moses H. Cone Memorial Hospital v. Mercury Construction Co.,* —— U.S. at ——, 103 S.Ct. at 941, 74 L.Ed.2d at 785.

Plaintiff contends that the arbitration clause does not apply here because he has alleged fraud in the inducement to enter into the account agreement. The Supreme Court rejected this contention in *Prima Paint Corp. v. Flood & Conklin Manufacturing Co.,* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270, holding that a general attack on a contract for fraud is to be decided under the applicable arbitration provision as a severable part of the contract. The court should adjudicate claims of fraud in the inducement to agree to the arbitration provision, a claim plaintiff did not raise.[1]

Plaintiff's contention that claims of fraud and breach of fiduciary duty are not proper subjects for arbitration is unpersuasive for reasons previously indicated. The broad language in the parties' arbitration agreement strikingly resembles the language in the provision at issue in the *Prima Paint* case where the Supreme Court stated that the provision covered a claim of fraud. *See Acevedo Maldonado v. PPG Industries, Inc.,* 514 F.2d 614, 616 (1st Cir.1975) (considering the arbitration provision's broad language, it is immaterial whether claims are in contract or tort); *Dorton v. Collins & Aikman*

---

1. Cases cited by plaintiff to support his contention are totally inapposite. Both *Murphy v. Morris,* 12 N.J.Super. 544, 80 A.2d 128 (1951) and *George Engine Co. v. Southern Shipbuilding Corp.,* 350 So.2d 881 (La.1977) concerned the effect of state law only. Indeed, in the latter case the state court commented on the variance between its holding and the federal law announced in *Prima Paint.*

*Corp.,* 453 F.2d 1161, 1170 (6th Cir.1972) (stay appropriate even if action is for fraud); *Merritt-Chapman & Scott Corp. v. Pennsylvania Turnpike Commission,* 387 F.2d 768, 770 (3d Cir.1967) (claims of fraud and negligence are not outside scope of clause). Plaintiff's claims are clearly "related to" the account agreement. Without the agreement there could hardly exist a fiduciary relationship. *Cf. Mediterranean Enterprises, Inc. v. Ssangyong,* 708 F.2d 1458 (9th Cir.1983) ("arising hereunder" language in arbitration clause covers claim of breach of fiduciary duty).

Arbitration will provide plaintiff with a forum for his claims. More than likely, resolution of his claims in that forum will be speedier and less expensive than in a judicial proceeding. If plaintiff fears not getting a fair hearing before an arbitrator, then, if experience sustains this fear, he will have a chance to present that fact in court. *Bear v. Hayden, Stone, Inc.,* 526 F.2d 734, 736 (9th Cir.1975); 9 U.S.C. § 10.

IT IS, THEREFORE, ORDERED that defendant's motion to stay be, and the same hereby is, GRANTED and that this action be, and the same hereby is, STAYED PENDING ARBITRATION.

The parties shall advise the Court of the resolution of any arbitration proceeding in this matter.