**WILLOUGHBY ROOFING AND SUPPLY COMPANY, INC.,**
Plaintiff-Appellee,

v.

**KAJIMA INTERNATIONAL, INC.,**
Defendant-Appellant.

No. 85–7025.

United States Court of Appeals,
Eleventh Circuit.

Nov. 14, 1985.

Louis B. Kimmelman, O'Melveny & Myers, New York City, for defendant-appellant.

David H. Meginniss, Ralph W. Hornsby, Huntsville, Ala., for plaintiff-appellee.

Before RONEY and ANDERSON, Circuit Judges, and MORGAN, Senior Circuit Judge.

PER CURIAM:

We affirm the judgment in this case substantially on the basis of the district court's opinion reported at 598 F.Supp. 353 (N.D. Ala.1984). We write here merely to address one contention not considered by the court's opinion below.

In addition to the arbitration clause cited by the district court, *see* 598 F.Supp. at 355, the contract in question also contained the following provision:

> Section 6.06. *Termination.* KII shall have the right at any time by written notice to the Subcontractor to terminate the Subcontract and require the Subcontractor to cease work thereunder; in which case, provided the Subcontractor be not then in default, KII shall pay the Subcontractor the actual damage directly resulting from such termination, except that the Subcontractor shall not be entitled to anticipated profits on work unperformed or in materials or equipment unfurnished.

Appellant Kajima International, Inc. (KII) contends on appeal that this section limits the remedies available as to *any* claim related to the termination of the contract, and that therefore the district court erred in concluding that the contract places "no limits on the remedial authority of the arbitrators." 598 F.Supp. at 357. The appellant's argument essentially is that because any breach of the contract or fraud here

arose out of its original termination of the contract, the remedy for such claims must be coextensive with the remedy for termination contained in section 6.06.

 We disagree. Appellant's argument fails to recognize the distinction between termination, breach and fraud. The termination of a contract may or may not breach that contract, and similarly, termination may or may not be accompanied by fraud. Section 6.06 gives Kajima the right to terminate the contract at any time and to limit the damages in that circumstance to actual damages. But that provision does not confer the right to breach that contract or to commit fraud in the process, nor does it limit the remedies available in those circumstances to actual damages.[1] The arbitrators here first awarded actual damages for breach of contract and then awarded punitive damages for the separate claim of willful fraud.[2] In light of the federal policy favoring arbitration at work here, our task is to resolve all doubt in favor of the arbitrator's authority to award a particular remedy. *See Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–942, 74 L.Ed.2d 765 (1983); *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). Therefore, we refuse to read section 6.06, which by its express terms limits only the remedy for the *termination* of the contract to actual damages, to also limit the remedy available

for breach of the contract or for fraud to actual damages.

In all other respects, we endorse the reasoning of the district court.

AFFIRMED.

1. Although punitive damages of course may not be recovered for pure breach of contract at any rate, *see, e.g., Geohagen v. General Motors Corp.*, 291 Ala. 167, 279 So.2d 436 (1973), if section 6.06 applies to breach of contract claims, the actual damages ordinarily recoverable would be further limited to prevent the recovery of "anticipated profits on work unperformed or in materials or equipment unfurnished," as stated in that section.

2. Appellant urges that inasmuch as it has the right to terminate the contract at any time, it cannot breach the contract, even by terminating the contract without cause. We find it difficult to accept the proposition that that section relieves Kajima of any obligation of fair dealing under the contract. But even assuming that to be true and that section 6.06 limits the remedy

for breach of the contract to actual damages as well, *see supra* note 1, this argument fails to recognize the totally independent nature of claims for breach of contract and for the tort of fraud. *See, e.g., John Deere Industries Equipment Co. v. Keller,* 431 So.2d 1155, 1157–58 (Ala.1983) (both claims for breach of contract and fraud were properly presented to the jury, and although the trial court erroneously allowed the jury to award punitive damages on the breach of contract claim, upon retrial such damages could be awarded if the jury finds intentional and deliberate misrepresentation with intent to defraud). Therefore, even if the contract could not be breached, we would not read section 6.06 as limiting the damages recoverable in tort for fraud.