Murray **SINGER** and Caryl
**Singer, Plaintiffs,**

v.

**E.F. HUTTON & COMPANY, INC., a
Delaware corporation, Sydney J.
Fein and Martha Pasquale, Defendants.**

**No. 87–6921–CIV.**

United States District Court,
S.D. Florida.

June 27, 1988.

Charles H. Lichtman, Miami, Fla., for plaintiffs.

Mikel D. Greene, Miami, Fla., for defendants.

## ORDER

PAINE, District Judge.

This cause comes before the court upon Defendants', E.F. HUTTON & COMPANY, INC (HUTTON), SYDNEY J. FEIN and MARTHA PASQUALE, Motion to Compel Arbitration, Motion to Dismiss or to Stay Proceedings and Motion for Extension of Time with Memorandum of Law in Support Thereof (DE 13) and Plaintiffs', MURRAY and CARYL SINGER, Motion for Leave to File Response to Defendants' Motion to Compel (DE 17). Having reviewed the file and the relevant authorities, the court enters the following order.

Plaintiffs allege in their Amended Complaint (DE 11) that from 1977 until September 1987, Defendant, FEIN, an employee of Defendant, HUTTON, was the sole investment advisor and stockbroker for the Plaintiffs. During March of 1987, FEIN convinced the Plaintiffs to open an option trading account. From that point on, Plaintiffs claim, Defendants engaged in a conspiracy "to purchase and sell securities in Plaintiffs' names and solely for their own gain and advantage...." (DE 11 at 3). This alleged scheme included fraudulently inducing CARYL SINGER to sign a "Trading Form" on both her own and MURRAY SINGER's behalf, back dating the document and later obtaining an illegal notarization of the form by Defendant, PASQUALE. The customer agreement entered between Plaintiffs and Defendant, HUTTON, contains an arbitration clause which provides as follows:

This agreement shall be governed by the laws of the state of New York ... Any controversy arising out of or relating to my account, to transactions between us or to this agreement or the breach thereof, shall be settled by arbitration in ac-cordance with the rules, then in effect, of the New York Stock Exchange, Inc. or the National Association of Securities Dealers, Inc. as I may elect. If I do not make such election by registered mail addressed to you at your main office within 5 days after demand by you that I make such election, then you may make such election. Judgment upon any award rendered by the arbitrator may be entered in any court having jurisdiction.

Defendants now move to compel arbitration pursuant to the clause in the customer agreement signed by both Plaintiffs (DE 13). Plaintiffs, for various reasons, did not file a response to the Defendants' Motion within the time limits required by the Local Rules. Plaintiffs seek relief from this error through their Motion for Leave to File Response to Defendants' Motion to Compel (DE 17) to which was attached a copy of their Response. Defendants do not oppose the Motion. Plaintiffs' Motion (DE 17) is granted *nunc pro tunc* and their Response is deemed filed as of the date of the filing of their Motion.

In Plaintiffs' Response to the Motion to Compel Arbitration, they concede that under *Shearson/American Express v. McMahon*, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed. 2d 185 (1987), and recent decisions in this district regarding the interpretation of the effect of *McMahon* on *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), that their claims asserted under the Securities Acts of 1933 and 1934 and the Federal RICO Act are arbitrable. They also reiterate that they have themselves made an alternate demand for arbitration in Count XIV of the Amended Complaint. However, Plaintiffs argue that even if arbitrable, those claims for which they seek punitive damages are not subject to arbitration. Plaintiffs cite *Garrity v. Lyle Stuart, Inc.*, 40 N.Y.2d 354, 386 N.Y.S.2d 831, 353 N.E. 2d 793 (1976), as the controlling law in support of their argument based on the New York choice of law provision contained in the customer agreement.

■ Plaintiffs correctly state that in *Shearson/American Express v. McMahon,*

482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987)[1], the United States Supreme Court held that claims asserted under § 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b), and the federal RICO Act, 18 U.S.C. § 1961, *et seq.* are arbitrable. Accordingly, the court finds that Counts I, II, IV, VI and VII are arbitrable.

*McMahon* did not directly hold that claims under § 12(2) of the Securities Act of 1933 (as alleged in Count III of the Plaintiffs' Complaint) are also arbitrable, but it certainly appears from the opinion that had the issue been before the Court, there is every likelihood that the Arbitration Act would have been held applicable to such claims. This court has previously held that, based on the logic of *McMahon*, claims asserted under § 12(2) of the Securities Act of 1933 are also arbitrable. *Schuster v. Kidder, Peabody & Co.*, 699 F.Supp. 271, (S.D.Fla.1988); *Benoay v. E.F. Hutton Co.*, 699 F.Supp. 1523, (S.D.Fla.1988). Therefore, the court finds that Count III of the Amended Complaint is arbitrable. Additionally the court finds that the remaining Counts of the Amended Complaint, which consist of claims based on state law, are arbitrable. *See Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985); *Miller v. Drexel Burnham Lambert, Inc.*, 791 F.2d 850 (11th Cir.1986).

■ Despite the arbitrability of all claims asserted in the Amended Complaint, there remains the question of whether the court is required to deny the Motion to Compel Arbitration with respect to those claims which include a prayer for punitive damages. Plaintiffs only request punitive damages in Count VIII, which alleges a claim of common law fraudulent misrepresentation, concealment and nondisclosure. Also, the federal RICO Act (Counts VI and VII) and Florida civil theft statute (Count X), each provide for treble damages, which should be considered punitive in nature. The Supreme Court, in finding that nothing

in the legislative history should preclude arbitrability of claims brought under the RICO Act, noted that "there is no hint ... that Congress intended for RICO treble-damages claims to be excluded from the ambit of the Arbitration Act." *McMahon*, 107 S.Ct. at 2344. This logic applies with equal force to the claim made under Florida's civil theft statute. Therefore, the court finds that arbitration of the civil theft claim is appropriate.

■ Plaintiffs argue that since the customer agreement requires that enforcement of the customer agreement must be governed by New York law, the case of *Garrity v. Lyle Stuart, Inc.*, 40 N.Y.2d 354, 386 N.Y.S.2d 831, 353 N.E.2d 793 (1976), precludes arbitration of any claim in which there is a prayer for punitive damages. *Garrity* holds that "[a]n arbitrator has no power to award punitive damages, even if agreed upon by the parties ... Punitive damages is [sic] a sanction reserved to the State, a public policy of such magnitude as to call for judicial intrusion to prevent its contravention." *Id.* at 356, 386 N.Y.S. at 832, 353 N.E. at 795.

In the present case, regardless of the choice of law provision in the customer agreement, the court must be guided by federal law with respect to arbitrable claims. *See Willoughby Roofing & Supply Co. v. Kajima Internat'l, Inc.*, 598 F.Supp. 353, 359 (N.D.Ala.1984), *aff'd*, 776 F.2d 269 (11th Cir.1985); *Willis v. Shearson/American Express, Inc.*, 569 F.Supp. 821, 823–24 (M.D.N.C.1983). The Federal Arbitration Act, 9 U.S.C. §§ 1–14, applies when a party seeks to enforce a written agreement to arbitrate a civil dispute in a federal district court having jurisdiction pursuant to Title 28 of the United States Code. 9 U.S.C. § 4. Section 2 of the Act provides that

> [a] written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such a contract ..., or the refusal to perform the whole or any part thereof ... shall

---

1. *McMahon* overruled *Wolfe v. E.F. Hutton*, 800 F.2d 1032 (11th Cir.1986) and *Tashea v. Bache,*

*Halsey, Stuart, Shields, Inc.*, 802 F.2d 1337 (11th Cir.1986).

be valid, irrevocable, and enforceable, save upon any such grounds as exist at law or in equity for the revocation of any contract.

The purpose and effect of the Act is to encourage the arbitration of civil disputes outside the judicial forum. *Southland Corp. v. Keating*, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984); *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). The customer agreement signed in the present case is "a contract evidencing a transaction involving commerce", therefore the Arbitration Act applies. "If an issue is arbitrable under federal law, it remains so despite contrary state law." *Willis*, 569 F.Supp. at 824. Nor does the court find any "public policy reason persuasive enough to justify prohibiting arbitrators from resolving issues of punitive damages submitted by the parties." *Id.* Section 2 of the Arbitration Act evidences a desire to create a national policy favoring arbitration. *Southland Corp.*, 465 U.S. at 10; 104 S.Ct. at 858. To allow state law to preempt the federal Arbitration Act, in a case where that Act applies, would be violative of the Supremacy Clause of the United States Constitution. *Id. See also Willoughby*, 598 F.Supp. at 359–60. Additionally, if *Garrity* and cases with similar holdings were held to apply in the federal setting, Plaintiffs could circumvent the Arbitration Act with respect to a number of their claims by praying for punitive damages. Since *Garrity* dealt only with the powers of arbitrators under state law and is contrary to federal policy, it does not preclude arbitration of Count VIII of the Amended Complaint.

In view of all of the foregoing, it is hereby

ORDERED and ADJUDGED that

(1) Plaintiffs', MURRAY and CARYL SINGER, Motion for Leave to File Response to Defendants' Motion to Compel (DE 17) is GRANTED, *nunc pro tunc.* Their response is deemed filed as of the date of the filing of their Motion for Leave to File a Response (DE 17);

(2) Defendants', E.F. HUTTON & COMPANY, INC., SYDNEY J. FEIN and MARTHA PASQUALE, Motion to Compel Arbitration (DE 13) is GRANTED. The claims asserted by the Plaintiffs shall be submitted to arbitration in accordance with the parties' agreement to arbitrate. Any party may apply to this court for an order confirming any damages the arbitrator(s) may award;

(3) Since the court shall retain jurisdiction for the purpose of confirming any damages which may be awarded, Defendants' Motion to Dismiss (DE 13) is DENIED;

(4) Since all claims asserted in the Amended Complaint (DE 11) shall be subject to arbitration, none remain for disposition by this court. Therefore, Defendants' Motion to Stay Proceedings (DE 13) is DENIED;

(5) Defendants' Motion for Extension of Time (DE 13) is DENIED as moot;

(6) Defendants' Motion for Protective Order (DE 24) is DENIED as moot.