**TRANSNITRO, INCORPORATED, Plaintiff–Appellee,**

v.

**M/V WAVE, her engines, boilers, tackle, etc., in rem, Defendant–Appellant.**

**TRANSNITRO, INCORPORATED, Plaintiff–Appellant,**

v.

**M/V WAVE, her engines, boilers, tackle, etc., in rem, Defendant–Appellee.**

Nos. 90–2448, 90–2461.

United States Court of Appeals, Fourth Circuit.

Argued May 8, 1991.

Decided Aug. 26, 1991.

Jeremy John Oliver Harwood, Healy & Baillie, New York City, argued (Carter T. Gunn, Vandeventer, Black, Meredith & Martin, Norfolk, Va., on brief), for defendant-appellant.

Richard Ivan Gulick, Norfolk, Va., argued (Alfred J. Will, Badiak, Will & Maloof, New York City, on brief), for plaintiff-appellee.

Before RUSSELL, Circuit Judge, STAKER, District Judge for the Southern District of West Virginia, sitting by designation, and KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.

## OPINION

FRANK A. KAUFMAN, Senior District Judge:

Springwave Marine Limited, owner of the vessel, M/V WAVE (owner), entered into a charter party with Transnitro, Inc. (charterer) pursuant to which the vessel loaded a cargo of prilled urea in Holland, for shipment to and unloading in Saginaw, Michigan. Because of difficulties in unloading at that Great Lakes port, the vessel proceeded to Norfolk, Virginia where it accomplished the cargo's discharge. Then, the charterer filed suit in rem against the vessel in the United States District Court for the Eastern District of Virginia, Norfolk Division, alleging breach of the charter party and attaching the vessel. The latter was released after the owner filed a Release Bond in the amount of $200,000.00. Following the filing by the owner of an answer to the charterer's complaint, the matter was referred to an arbitration panel by the Norfolk district court, and all fur-

ther proceedings in that court were stayed pending arbitration pursuant to the terms of the charter party. The arbitrators awarded detention damages, attorney's fees and costs of the Release Bond to the owner, as well as $57,676.71 of interest on the amount of the bond at the annual rate of 9.5%. Thereafter, the charterer paid the detention damages, the attorney's fees and the cost of the Release Bond, but not the interest.

Following the announcement of the arbitration award, correspondence ensued among counsel for the parties, in the course of which counsel for the owner advised counsel for the charterer that counsel for the owner had not known, at the time of the arbitration, that the collateral for the Release Bond had been placed by the owner in an interest bearing account and had earned $34,000 of interest. However, during that correspondence, counsel for the owner also stated that the owner had incurred a number of expenses relating to the bond, including premiums and commissions, totaling $28,147.01, which had not been claimed by the owner during the arbitration proceeding. The owner suggested that the charterer receive credit for the $34,000.00 interest item and that the owner should get credit for the $28,147.01 of expenses. In that context, the owner would have received $5,852.99 less than it would have received under the arbitration award itself.

The arrangement suggested by the owner was not accepted by the charterer. Accordingly, after paying all parts of the arbitration award except the interest on the bond in the amount of $57,676.71, the charterer filed suit in the United States District Court for the Southern District of New York, seeking to modify and to correct the arbitration award as to the interest element. That court transferred the case to the United States District Court for the Eastern District of Virginia, at Norfolk, where it was consolidated with the original Norfolk case.

## I.

9 U.S.C. § 11, a part of the Federal Arbitration Act, which is applicable in this admiralty dispute, provides as follows:

In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration—

(a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

(b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

Acting pursuant to that statutory provision, the Norfolk district court concluded that it had the power to modify and correct the award of the arbitration panel "so as to effect the intent thereof and promote justice between the parties." Concluding that it was totally unfair for the owner to collect interest in the amount of $57,676.71 without deduction for the $34,000.00 of interest which the owner had earned, the district court reduced the arbitration award as to the item of interest to $23,676.71. However, that court refused to permit the owner to recover, in whole or in part, for the additional expenses in the amount of $28,147.01, and did not resolve in any way the lack of agreement between the parties as to whether the owner did in fact incur such expenses, whether, on the merits, the owner is entitled to be reimbursed for those expenses by the charterer, and whether those expenses do in fact total the amount claimed, namely, $28,147.01. Seemingly, the owner was not given the opportunity in the court below to establish those expenses and that they totaled in that said amount.

The district court apparently took the position that the owner had had the oppor-

tunity to submit evidence concerning the extra expenses to the arbitration panel, had failed so to do, and was not entitled to any further opportunity in that regard. As to the interest amount, however, the district court proceeded on the basis that the owner had not informed the charterer of the previously earned interest and that it was unfair to permit the owner to reap the benefit of such failure.

## II.

In the within appeal, the owner takes the position that the district court had no power under 9 U.S.C. § 11 to modify or correct the award of the arbitration panel. In so doing, the owner seemingly contends that the last sentence of 9 U.S.C. § 11 does not create an independent basis for modification by the district court, and that the district court is empowered to make such a modification only if the provisions of one of subparagraphs (a), (b) or (c) are met. In this instance, it is not necessary for this court to reach that question because there were, within the meaning of subsection (a), material mistakes made in the arbitration proceeding as to interest on the bond and, according to the owner, as to other expenses. True, those errors were made, in the first place, primarily by the owner in not presenting all of the relevant and material facts and, secondarily, perhaps, by the charterer, at least insofar as the charterer did not seek information from the owner concerning whether or not the collateral for the bond earned interest. Those errors were apparently not the fault of the arbitrators. If they had been, relief under 9 U.S.C. § 11(a) would have been available.* But that does not also mean that where there is "an evident material mistake" attributable to one or both parties to an arbitration, a district court lacks power under subsection (a) to do equity and justice. Thus, the court below was right in

---

* See Saxis Steamship Co. v. Multifacs International Traders, Inc., 375 F.2d 577, 581 n. 4 (2d Cir.1967), in which the court, without reference to 9 U.S.C. § 11, noted that "[t]he arbitrators made a mistake in computation ... and were properly permitted by the district court to revise their computation...." See also Ehrich v. A.G. Edwards & Sons, Inc., 675 F.Supp. 559, 565

reaching and correctly determining the interest issue. However, that court should also have reached and determined the additional expenses issue. On a common-sense basis, a district court can so proceed without requiring the parties to return to the arbitrators. See National Post Office Mailhandlers, Watchmen, Messengers and Group Leaders Division, Laborers International Union of North America, AFL–CIO v. United States Postal Service, 751 F.2d 834, 844–45 (6th Cir.1985) (retired Justice Stewart, sitting by designation).

Accordingly, we affirm the district court's determination as to the interest item and remand the within cases to the district court for determination of the extra-expense issue in accordance with this opinion.

*AFFIRMED IN PART AND REMANDED IN PART.*

---

(D.S.D.1987), in which a mathematical error appeared in the award with respect to the number of months in which interest should be charged, and in which there is no indication as to whether the error was a unilateral mistake on the part of the arbitrators or whether the award reflected, in whole or in part, the miscalculations of one or both litigants.