**Yvonne WILLIS, Plaintiff,**

v.

**Nilda RUBIERA–ZIM, et al., Defendants.**

**Civ. A. No. 87–1121.**

United States District Court, D. New Jersey.

Dec. 29, 1988.

As Amended Jan. 27, 1989.

---

Peter S. Pearlman, Cohn & Lifland, Saddle Brook, N.J., for plaintiff.

Hannoch Weisman, Roseland, N.J., for defendants.

## OPINION

WOLIN, District Judge.

This matter is before the Court on defendant's motion to compel arbitration of state and federal law claims or alternatively to dismiss plaintiff's complaint. By a report and recommendation dated January 19, 1988, the Magistrate recommended that defendant's motion to compel arbitration be granted. On February 1, 1988 plaintiff's counsel filed an objection to this recommendation. For the reasons set forth below, this Court adopts the report and recommendation of the Magistrate.

## I. BACKGROUND

On March 30, 1987, plaintiff, Yvonne Willis, filed a complaint against securities broker Nilda Rubiera–Zim and Paine, Webber, Jackson & Curtis, the firm by which Zim is employed. The complaint pleads four causes of action. Count One sets forth a claim under the Securities Exchange Act of 1934 for violations of Sections 10(b) and 20(a), as well as Rule 10b–5 of the Securities & Exchange Commission, based upon allegations of unsuitable trading, churning, and unauthorized trading within plaintiff's account for the sole purpose of obtaining commissions for Zim and Paine Webber. Counts Two through Four allege state law claims of common law fraud and breach of fiduciary duty, negligence, and negligent misrepresentation, respectively. Specifically, plaintiff contends that Zim made material misstatements of fact to plaintiff regarding the status and type of account, and that plaintiff relied upon such statements in maintaining her account with Paine Webber. In addition, plaintiff seeks compensatory damages, costs, and punitive damages with respect to Count Two.

Defendants presently move to (1) compel arbitration of all state law claims and strike the claim for punitive damages; (2) compel arbitration of the federal securities law claim or stay this case pending arbitration of the state law claims; (3) in the alternative, dismiss the federal law claim for failure to plead fraud with specificity as required by Fed.R.Civ.P. 9(b), or to otherwise state a cause of action for which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

## II. DISCUSSION

As plaintiff does not object to the part of defendant's motion which seeks to compel arbitration of the state law claims, defendant's motion to compel arbitration of the Second, Third and Fourth Counts is granted.

### A. *Compulsory Arbitration of Federal Law Claims*

■ In light of the recent decision of the U.S. Supreme Court in *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), claims under Section 10(b) of the Securities Exchange Act are arbitrable where a valid predispute arbitration agreement has been entered into by the parties. Plaintiff in the instant matter claims that there is no agreement in existence which compels arbitration of its federal securities claims.

Defendant contends that plaintiff signed three contracts in which she agreed to arbi-

tration on identical terms. One such contract, a client option agreement and qualification form dated March 11, 1985, provides in part:

> Any controversy between us arising out of or relating to this contract, or breach thereof, or any account(s) maintained by you, (except any claim for relief by a public customer for which a remedy *may exist* pursuant to an expressed or implied right of action, under the federal securities laws), shall be settled by arbitration. . . .

(Client Option Agreement, ¶ 18) (emphasis supplied).

Plaintiff contends that this clause is clear on its face and should be enforced in accordance with its terms. However, the "may exist" language used in the agreement creates an ambiguity which makes it unclear whether the arbitration of Section 10 and Rule 10b–5 claims is meant to be excluded. Thus, the clause is not easily enforced on its face and requires some interpretation. As other courts have observed, "when contract language is ambiguous or unclear, a healthy regard for the federal policy favoring arbitration requires that any doubts concerning the scope of arbitrable issues be resolved in favor of arbitration." *Frankel v. Shearson Lehman Brothers, et al.*, No. 86–2520, slip op. at 7 (D.N.J. October 30, 1987) [1987 WL 39934] (quoting *Barrowclough v. Kidder Peabody & Company, Inc.*, 752 F.2d 923, 938 (3d Cir.1985)) (citing *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983)).

Defendant contends that the words "may exist" were intended and understood to mean "except such right of action in federal court *as may be determined to exist* by the federal courts." (Defendant's brief, at 7).

The issue of mandatory arbitration was recently addressed by this Court in *Ryan v. Liss, Tenner & Goldberg Securities Corp., et al.*, 683 F.Supp. 480 (D.N.J.1988). In that case a state court, having found an agreement to arbitrate in existence, granted defendant's motion to compel arbitration of plaintiff's state law claims. In a subsequent action before this Court, defendant moved to compel arbitration of plaintiff's federal securities claims.

The arbitration agreement in *Ryan* concluded:

> It is understood that this Agreement to arbitrate does not constitute a waiver of the right to a judicial forum where such waiver would be void under the securities laws and specifically does not prohibit the undersigned from pursuing any claim or claims arising under the federal securities laws in any court of competent jurisdiction.

*Ryan*, 683 F.Supp. at 483.

This Court found that in interpreting an arbitration clause, any doubts regarding its applicability should be decided in favor of arbitration. *Id.* (citing *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983)); *Atterburg v. Anchor Motor Freight, Inc.*, 425 F.Supp. 841 (D.N.J.1977). Thus, the Court concluded that the arbitration clause before it included an agreement to arbitrate federal securities claims "where such arbitration is permissible under the law." *Ryan*, 683 F.Supp. at 484.

Therefore, this Court agrees with the analysis of defendant to the effect that the term "may exist" should be viewed as "paralleling the evolving case law as it is determined which securities disputes are arbitrable." *Frankel v. Shearson Lehman Brothers, et al.*, No. 86–2520, slip op. at 6 (D.N.J. October 30, 1987). Hence, as the Court deems particular claims arbitrable, those claims will be removed from the exclusion from arbitration.

■ The U.S. Supreme Court has addressed the issue of mandatory arbitration for Securities Exchange Act of 1934 claims, and has held in *McMahon* that Section 10(b) and Rule 10b–5 claims are arbitrable where a valid predispute arbitration agreement is in existence. In light of the agreement entered into in the case at bar, plaintiff, as a public customer, cannot now proceed on those claims in federal court.

The U.S. Supreme Court pointed out in *McMahon* that the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*, establishes a "federal policy favoring arbitration," *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983), and "was intended to reverse centuries of judicial hostility to arbitration agreements." *McMahon*, 482 U.S. at ——, 107 S.Ct. at 2337, (citing *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 510, 94 S.Ct. 2449, 2453, 41 L.Ed.2d 270 (1974)). The Court in *McMahon* also held that in the absence of a well-founded claim that an arbitration agreement was entered into due to the type of fraud or excessive economic power that "would provide grounds for the revocation of any contract," the Arbitration Act "provides no basis for disfavoring agreements to arbitrate statutory claims...." *McMahon*, 482 U.S. at ——, 107 S.Ct. at 2337 (citing *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985)).

In the present matter, the Magistrate, relying upon *McMahon* as well as the analysis in *Frankel*, found that the language of the arbitration clause did not exclude arbitration of plaintiff's Section 10 and Rule 10b–5 claims. This Court hereby adopts that finding and orders that these claims be submitted to arbitration.

**B. *Violation of Section 20, 15 U.S.C. § 78t***

■ Count One of plaintiff's complaint also sets forth a claim for violation of Section 20(a) of the Securities Exchange Act of 1934, alleging that Paine, Webber, by virtue of its management and supervision of defendant Zim, is responsible for the acts of Zim under the doctrine of respondeat superior.

Section 20(a) deals with the liability of controlling persons and provides:

(a) *Joint and several liability; good faith defense.* Every person who, directly or indirectly, controls any person liable under any provision of this title or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action.

With regard to the arbitrability of claims under Section 20, the Magistrate again relied upon the analysis in *Frankel*, wherein the Court noted the statutory safeguard inherent in the authority granted the SEC. The purpose of Section 20 is "to prevent the true owner of a business from escaping liability by insulating the parent company from the questionable activities by use of subsidiary corporations, or other amenable agents or straw parties." *Frankel*, slip op. at 13 (quoting *Rochez Brothers, Inc. v. Rhoades*, 390 F.Supp. 470 (W.D.Pa.1974), *aff'd*, 527 F.2d 880 (3d Cir.1975)). In further support of arbitration, the court in *McMahon* stated:

Furthermore:

Where the SEC has sufficient statutory authority to ensure arbitration is adequate to vindicate Exchange Act rights, enforcement does not effect a waiver of compliance with any provision of the Exchange Act under § 29(a).

*McMahon*, 482 U.S. at ——, 107 S.Ct. at 2343.

Based on the conclusion in *Frankel* that Section 20 claims are arbitrable, the Magistrate recommended that the First Count of the instant complaint alleging violations of 15 U.S.C. § 78t be submitted to arbitration. This Court agrees and hereby adopts that recommendation.

■ Finally, with regard to punitive damages, the case of *Willoughby Roofing & Supply v. Kajima International, Inc.*, 776 F.2d 269, 270 (11 Cir.1985), states:

In light of the federal policy favoring arbitration ... our task is to resolve all doubt in favor of the arbitrator's authority to award a particular remedy.

(Quoting *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983)); *see also United Steel-*

*workers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960).

As the Magistrate finally observed, "there is no suggestion on defendants' papers that the contract's arbitration clause is not broad enough to empower an arbitration panel to award punitive damages." This Court agrees that defendant's motion to strike plaintiff's claim for punitive damages in Count Two should be denied.

An appropriate order is attached hereto.

### ORDER

For the reasons set forth in this Court's opinion filed herewith,

It is on this 29th day of December, 1988,

ORDERED that defendant's motion to compel arbitration of all state law claims is granted; and it is further

ORDERED that defendant's motion to strike the claim for punitive damages is denied; and it is further

ORDERED that defendant's motion to compel arbitration of federal securities claims is granted.